■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KITCHEN, Appellant.—Judgment, rendered May 15, 1974 in Supreme Court, Bronx County, convicting defendant, after a jury trial, of murder and possession of a weapon and sentencing him to prison, unanimously reversed, on the law and in the interest of justice, and the case remanded for a new trial. Appeals from orders of the same court dated August 7, and November 7, 1974 and May 2, 1975 denying motions for postconviction relief, unanimously dismissed, as moot, in view of our reversal of the judgment of conviction. Defendant's indictment resulted from an incident on August 16, 1972 on Longwood Avenue, The Bronx. The People's proof established that the defendant, while pursuing one Andres Flores, fired several shots. Two bullets struck Flores, while a third struck Barbara Cannon, an innocent bystander, causing her death. We agree that: the motive, as allegedly admitted to by the defendant to Gloria and Lathran Cannon; the admissions made at the time of arrest; the testimony by Gloria Cannon and Lance Lindsey as to the shooting; and the identification of the defendant by Gloria who had known him previously, present a strong case against the defendant. However, we cannot disregard as harmless the many trial errors. On the contrary, we feel that they were so egregious as to have denied the defendant a fair trial, and we, therefore, reverse and order a new trial. No useful purpose would be served by an extended recital of the facts. Rather, we will note the trial errors committed. Detective Doyle was permitted to testify, over objection, that Flores told Doyle that defendant had shot him. Flores was not called as a witness. Clearly, this statement was hearsay and inadmissible. Detective Doyle's recollection was refreshed by a "paper"

received into evidence. The paper, although contained in a business record (we assume the "paper" was a record kept by the police department), is not admissible unless it comes within a recognized exception to the hearsay rule. As Doyle was neither a witness nor was Flores under a business duty to relate the facts to him, the paper is not admissible. (See *Johnson v Lutz,* 253 NY 124; *Toll v State of New York,* 32 AD2d.47; cf. *People v Jackson,* 40 AD2d 1006.) The People knew in advance that the witness Lindsey would not positively identify the defendant. Having called him as their witness, it was improper to cross-examine him extensively through the use of his Grand Jury testimony in an attempt to discredit him. Such use of his prior statements, i.e., his Grand Jury testimony, was impermissible under CPL 60.35 since Lindsey's trial testimony did not "tend to disprove" the People's case. (See Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.35.) The District Attorney exhibited a .38 caliber gun to the jury. We perceive no possible purpose for this act except to affect improperly the jury. No attempt was made to connect the gun to the crime. The District Attorney asked defendant, in cross-examination, whether he intended to call a Mr. Darrell as his witness. The court participated in this line of questioning. The People refer to this incident as an unfortunate lapse and ask that it be disregarded since Darrell was called by the People in rebuttal. However, this "unfortunate lapse" continued for several pages and the jury could very well conclude thereby, despite the court's subsequent instruction of the general principle as to the burden of proof, that the defendant was obligated to produce witnesses to prove his innocence. The cumulative effect of the errors outlined above tainted the verdict and cannot be considered harmless error. (See *People v Crimmins,* 36 NY2d 230.) Concur—Stevens, P. J., Birns, Capozzoli, Lane and Nunez, JJ.