■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VALDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered May 6, 1982, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In the early hours of November 6, 1979, Officers Theodore Dziedzic and Mark Wohl responded as backup to a radio run of shots fired at a bar located at 104th Street and 39th Avenue in the County of Queens. According to testimony adduced at trial, upon exiting their marked sector squad car, the two officers observed an automobile double-parked under a street light in the middle of the street, some 50 to 75 feet away. Two or three men were seated in that vehicle, a four-door Plymouth; two others were approaching it from the sidewalk. One of the latter individuals, later identified as Bienvito Tineo, removed something from his waistband, and handed it to Jose Valdez, the appellant herein, who occupied the front passenger seat of the vehicle. From about 10 to 15 feet from the Plymouth, the officers observed Tineo again reach into his waistband, this time handing a gun through the window of the front passenger's seat. The officers secured the area until backup officers arrived. Officer Dziedzic then recovered two .38 caliber revolvers from the car — one from the floor next to the front passenger's seat, and the other from underneath the front passenger seat. Thereafter, appellant, the two other occupants of the Plymouth (the driver, Pedro Mirabel and the rear-seat passenger, Luis Reyes) and the two men who had approached that vehicle (Bienvito Tineo, and his companion, who were arrested but not indicted) were transported to the 110th Precinct where Officer Wohl read each individual his *Miranda* warnings as printed on the bottom of a blank arrest report. After receiving affirmative responses from each individual as to their understanding of the warnings, Officer Wohl testified that appellant indicated his desire to respond to questions in the absence of an attorney. Appellant then stated that he owned the guns. Mirabel, Reyes, Tineo and appellant were jointly indicted, *inter alia,* for two counts of criminal possession of a weapon in the third degree. Appellant, Mirabel and Reyes were tried jointly, Tineo's whereabouts at that time being unknown. At the trial, during cross-examination by codefendant Reyes' counsel, Officer Dziedzic was permitted to testify, over appellant's strenuous objection, to statements made by the absent Tineo at the 110th Precinct on the day of the events in question. Appellant's application for a severance was denied prior to the introduction of this testimony. However, the court did state that it would furnish the jury with appropriate limiting instructions. Reyes' counsel then elicited testimony that Tineo had said that he had been holding both guns for appellant and he just handed them back to appellant in the car when the police arrived. Further, upon redirect examination, and again over appellant's objection, the prosecutor elicited the fact that the witness had previously testified that Tineo had stated that he was holding the guns for appellant. Testifying in his own behalf, appellant stated that Tineo threw the guns into the car. Both counsel for Mirabel and counsel for Reyes commented in their summations upon Tineo's statement inculpating appellant, as did the prosecutor. The jury was not furnished with limiting instructions. Codefendants Mirabel and Reyes were subsequently acquitted. Appellant was convicted of two counts of criminal possession of a weapon in the third degree. We reverse. While "[a]n application for a separate trial is addressed to the court's discretion in the first instance (CPL 200.40, subd 1 * * *)" such discretion is neither absolute nor is the determination final (*People v Payne*, 35 NY2d 22, 26). We are persuaded that, under the facts and circumstances of this case, Criminal Term abused its discretion by refusing appellant's application for a severance. Tineo's unsworn

out-of-court statements constituted hearsay evidence, and as such, were not admissible against appellant. While such testimony was favorable to defendants Mirabel and Reyes its prejudicial effect upon appellant, who was sans the opportunity to cross-examine declarant Tineo, deprived him of a fair trial (see *People v Tufano,* 69 AD2d 826; *People v Kitchen,* 55 AD2d 575). Notwithstanding appellant's failure to object, this error was further compounded by comments of the two codefendants' counsel and the prosecutor in their summations, and by the court's failure to afford the jury the benefit of appropriate limiting instructions. Accordingly, there must be a new trial. We have examined appellant's remaining contentions and find them to be without merit. Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.