■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY SMITH, Appellant. [596 NYS2d 364] —Judgment, Supreme Court, New York County (Donald Mark, J., at identification hearing; Daniel FitzGerald, J., at hearing to suppress physical evidence; and Franklin R. Weissberg, J., at trial), rendered May 2, 1989, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the first degree and sentencing him, as a persistent felony offender, to three concurrent indeterminate terms of imprisonment of 25 years to life, unanimously reversed, on the law, and the matter is remanded for a new trial.

The defendant was indicted for the shooting of Artis Beverly. The People's evidence consisted chiefly of the eyewitness testimony of Lillian White. White testified that from her second floor window at 272 West 117th Street she saw defendant, who was known to her by the name of "Country", argue with and shoot the victim in the back. White told the responding officers that the defendant was a drug dealer who lived in

apartment 5A of 276 West 117th Street. Ballistics evidence showed that the victim was shot in the back with a .357 caliber revolver. The revolver was recovered from apartment 5A of 276 West 117th Street.

Contrary to the defendant's argument we do not find the eyewitness testimony incredible. The witness's account of the crime and her identification testimony were corroborated by other evidence properly introduced at trial. Accordingly, we give great deference to the jury's determination of credibility *(People v Bleakley,* 69 NY2d 490) and will not disturb it. However, we do find that it was clearly erroneous to allow the prosecutor to introduce into evidence and thereafter establish the operability of the .32 caliber handgun, which had no relevance to the proof of defendant's guilt of the crime charged. The introduction of the .32 caliber handgun was extremely prejudicial *(People v Kitchen,* 55 AD2d 575). It was also improper for the prosecutor to argue on summation that the defendant kept the .357 caliber magnum handgun in order to use it in the future. This type of speculation as to the defendant's future use of the handgun was also overly prejudicial. Upon our review of the record we conclude that the prosecutor's comments on defendant's future use of the .357 weapon were not made in response to comments made by the defense counsel on his summation. The defense counsel did not open the door to argument regarding future use of the handgun. The effect of these errors was to deny the defendant a fair trial. Accordingly, we reverse and remand the matter for a new trial.

We have reviewed the other arguments raised by the defendant on appeal and find them meritless. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.