■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRIS G. PYNE, Appellant. [636 NYS2d 491] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 7, 1995, upon a verdict convicting defendant of the crime of murder in the second degree.

On October 24, 1993, defendant shot and killed her husband (hereinafter decedent) in their marital home. On the day of the killing, defendant learned that decedent was having an affair with another woman. She tried twice unsuccessfully to call decedent at work to confront him with this information. Decedent arrived home around 8:00 P.M. and, while seated in the kitchen, defendant confronted him about the affair. During the course of their conversation, decedent took a knife, raised it over his head and threatened defendant, at which time defendant took a .38-caliber handgun, which she owned and for

which she was licensed, and fired a number of warning shots. Defendant subsequently left the kitchen, went to her bedroom, reloaded the handgun and returned to the kitchen where she shot decedent five times. Thereafter, defendant was indicted, tried and convicted of the crime of murder in the second degree and sentenced to an indeterminate term of imprisonment of 15 years to life. Defendant appeals and we reverse.

Defendant initially contends that the verdict is not supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We cannot agree. Defendant's testimony regarding her discovery of decedent's infidelity, coupled with her conduct on the day of the incident and the forensic evidence, is legally sufficient to support the verdict in this case and, as such, defendant is precluded from challenging the sufficiency of the indictment on this basis (*see*, CPL 210.30 [6]). We are similarly unpersuaded that the verdict is against the weight of the evidence.

Of the remaining arguments advanced by defendant, only two merit any discussion. During the course of the trial, the People offered, and County Court received into evidence, an unrelated .22-caliber handgun belonging to defendant, as well as a holster, revolver stock fittings, letters pertaining to the National Rifle Association and New Paltz Gun Club, a Federal pistol cartridge, a box of .357-caliber Magnum Federal pistol cartridges, National Rifle Association targets, magazine cases and an empty box of Remington .22-caliber target long rifle cartridges. Absolutely none of the aforesaid materials were relevant to the charges leveled against defendant and could have been offered for no other purpose than to inflame the jury, thereby depriving defendant of a fair trial (*see, e.g., People v Smith*, 192 AD2d 394, 395, *lv denied* 81 NY2d 1080; *People v Kitchen*, 55 AD2d 575, 576).

Defendant also contends that County Court committed reversible error when it failed to meaningfully respond to a question submitted by the jury during its deliberations. We agree. On the second day of deliberations, the jury sent a note which provided, "[i]f the plea is of self-defense does that imply that the three elements of second degree murder are satisfied from the defendant's point of view [we are stuck, agreeing on intent, [some think] that she intended to harm him but not kill him]. What is she admitting (if anything) by her plea." After conferring with counsel, County Court responded "no" to the first question in the note and, after determining what the jury meant by the word "plea", responded, "she is admitting nothing". Immediately following the court's supplemental instruc-

tions, a juror exclaimed, "I still don't understand," to which County Court responded that if the jurors had any further inquiry, they would have to go back to the jury room, write the question out and send it to the court.

It is axiomatic that while a trial court possesses discretion in framing responses to jurors' questions, it must respond meaningfully to such inquiries (*see, e.g., People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847). The record makes clear that the jury was confused with regard to intent, having previously requested supplemental instructions thereon the previous day. Additionally, the question at issue indicates that the jury was not only confused about the element of intent, but also the need for proof thereof given the defense of justification. County Court's perfunctory responses to the question can hardly be said to have been meaningful and proof thereof lies in the juror's response, "I still don't understand." Defendant's remaining contentions, including her assertion that County Court erred in charging the jury on the retreat doctrine, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial.