■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENFORD C. HULL, Appellant. [898 NYS2d 284]—

Garry, J. Appeals (1) from a judgment of the County Court of Delaware County (Becker, J.), rendered December 11, 2006, upon a verdict convicting defendant of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered February 6, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In February 2006, the victim resided with his family in a first floor apartment in the Town of Meredith, Delaware County. Defendant and his 12-year-old daughter resided in the second floor apartment overhead. One evening, an alleged misunderstanding regarding noise escalated into a conflict between the victim and defendant, with the two of them shouting back and forth at each other.[1] At one point the victim ran up the stairs, and was shouting and pounding on defendant's locked door. Defendant retrieved a loaded Ruger single-action .357 magnum revolver from his bedroom, and he and his daughter stepped into the hallway. At that time, the victim had returned downstairs, but began to re-ascend the stairs while he, defendant, and defendant's daughter continued to argue. When the victim neared the top of the stairs, defendant—still holding the gun—raised his hands in what he claims was an attempt to push the victim away. The gun fired, striking the victim in the head and killing him.

Defendant was indicted on one count of murder in the second degree and, after a jury trial, was found guilty as charged and sentenced to a prison term of 22 years to life. County Court denied defendant's subsequent motion pursuant to CPL 440.10 to vacate his judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

Initially, defendant contends that the verdict was against the weight of the evidence because, although he concedes the act of shooting the victim, he contends that the proof of his mental state was entirely circumstantial and the evidence was logically inconsistent with an intent to kill the victim. We must first determine whether a different verdict would have been reasonable (see People v Bleakley, 69 NY2d 490, 495 [1987]). If so, we " 'must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Perser, 67 AD3d 1048, 1049 [2009], lv denied 13 NY3d 941 [2010], quoting People v Romero, 7 NY3d 633, 643 [2006]). The evidence established that a former friendship between defendant and the victim had broken down into frequent arguments in which, according to defendant, the victim had previously threatened him and had "harassed" his daughter. Defendant testified that he did not intend to shoot the victim, did not cock the hammer on his single-action revolver before or during the confrontation, and did not pull the trigger. He

---

1. The victim was hosting a birthday party downstairs, and defendant was allegedly pounding meat with a mallet while preparing dinner.

claimed that his hands were slippery, his finger was in the trigger guard, and the gun discharged accidentally when the victim struck it with his arm. However, a firearms expert called by the People testified that defendant's gun could not be fired unless the hammer had been manually cocked and the trigger was pulled.[2] Defendant's daughter, the only eyewitness, first testified that she saw defendant pull the trigger, but later testified that she could not see his finger. After the shooting, defendant told a 911 operator, "I shot my neighbor," and told a police officer, "I shot my friend." While we find that an acquittal would not have been unreasonable, we further find that "viewing the evidence in a neutral light and giving great deference to the factfinder's opportunity to view witnesses and observe their demeanor" (*People v Peryea*, 68 AD3d 1144, 1147 [2009]), the guilty verdict was not against the weight of the evidence.

Defendant asserts that he received ineffective assistance of counsel as the result of multiple errors committed by his trial attorney. Evaluation of his contention requires us to determine whether " 'the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Blanchard*, 63 AD3d 1291, 1292 [2009], *lv denied* 13 NY3d 794 [2009]). Defendant claims, first, that his counsel erred in failing to have his revolver tested and in failing to call an expert gunsmith to testify about the likelihood that it could have accidentally discharged. During the trial, defendant's counsel attempted to cross-examine the People's firearms expert about a safety recall involving an alleged propensity of the weapon to discharge accidentally. The expert proved to be unfamiliar with the subject, and County Court advised that counsel would have to present his own evidence on this point. Counsel responded that he intended to call his own gunsmith, but then did not do so.

Defendant's CPL 440.10 motion included the affidavit of a licensed professional gunsmith who opined that the revolver could have discharged accidentally in the manner defendant reported. The gunsmith described several ways in which the model of revolver that defendant was using could have discharged even if the hammer had not been manually cocked, and stated that the manufacturer redesigned a later model of the re-

---

**2.** The expert conceded on cross-examination that the gun could have been fired by "fanning," or pulling back and releasing the hammer while the trigger was depressed.

volver to decrease the likelihood of unintentional discharges. He further opined that the sensitivity of the primer and hammer spring on the cartridge loaded in the revolver could have affected the likelihood of an accidental discharge and should have been tested. While "the failure to call a particular witness does not necessarily amount to ineffective assistance of counsel" (*People v Muller*, 57 AD3d 1113, 1114 [2008], *lv denied* 12 NY3d 761 [2009]; *see People v Hobot*, 84 NY2d 1021, 1024 [1995]), this testimony would have been directly pertinent to defendant's primary defense, and would not have been duplicative. Moreover, the affidavit of defendant's trial counsel submitted with the CPL 440.10 motion did not reveal any "strategic or other legitimate explanation" for the failure to call a firearms expert (*People v Heath*, 49 AD3d 970, 974 [2008], *lv denied* 10 NY3d 959 [2008]; *see People v Carralero*, 9 AD3d 790, 792 [2004], *lv denied* 4 NY3d 742 [2004]).

Further, defendant's counsel erred in failing to object to the portions of the People's cross-examination regarding defendant's membership in a gun owners' association, subscription to a hunting magazine, and beliefs in gun ownership rights.[3] The questioning was offered to inflame the jury (*see People v Pyne*, 223 AD2d 910, 911 [1996], *lv denied* 88 NY2d 940 [1996]).

Defendant claims numerous additional errors, but these may be explained as tactical decisions, are based on speculation regarding facts outside the record (*see People v Wright*, 1 AD3d 707, 708 [2003], *lv denied* 1 NY3d 636 [2004]), or otherwise fail to rise to the level of ineffective assistance. Nonetheless, "the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole" (*People v Benevento*, 91 NY2d at 714). Considering the seriousness of the errors in the totality of the circumstances, we are persuaded that defendant was " 'deprived of a fair trial by less than meaningful representation' " (*People v Miller*, 63 AD3d 1186, 1186 [2009], quoting *People v Flores*, 84 NY2d 184, 187 [1994]; *see* US Const 6th Amend; NY Const, art I, § 6; CPL 440.10 [1] [h]; *People v Baldi*, 54 NY2d at 147; *People v Chapman*, 54 AD3d 507, 511 [2008]; *People v Miller*, 11 AD3d 729, 730 [2004]).

As a new trial is required, we do not consider defendant's remaining contentions.

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the judgment and order are reversed, on the law, motion granted, and matter remitted to the County Court of Delaware County for a new trial.

---

**3.** Counsel did successfully object to one question regarding magazine articles about armed citizens who used their weapons to shoot or scare people.