People v Hogle (2025 NY Slip Op 01265)

People v Hogle

2025 NY Slip Op 01265

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CR-22-2256
[*1]The People of the State of New York, Respondent,
v
Neil Hogle, Appellant.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Alan P. Weinraub, Chazy, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Vivian Y. Joo of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered July 21, 2022, upon a verdict convicting defendant of the crimes of strangulation in the second degree and assault in the third degree.
The victim lived with Eric Hogle on his Hemmingford Road property in the Town of Mooers, Clinton County, and, at 9:30 p.m. on June 20, 2021, was attending an informal family get together there. A bonfire was burning by the sawmill on the property, with the victim sitting around it with Eric Hogle and defendant — Eric's brother — as well as their stepfather. The mother of Eric Hogle and defendant was sitting in a nearby vehicle to avoid the mosquitoes that were out in force. What happened next was a subject of dispute but, according to the victim, defendant demanded that Eric Hogle "get this f***ing narc" out of there after the victim threatened to report him to the authorities if he engaged in illegal trapping or other "wildlife crimes." The victim, in turn, demanded that defendant leave. Defendant flew into a rage, grabbed her by the throat and pushed her to the ground while choking her, causing her to lose consciousness for a period of time. She came to after Eric Hogle pulled defendant off her, at which point she threw a burning log from the fire toward defendant and came at him swinging a tree branch. Defendant was soon herded toward the car where his mother had been sitting, while the victim crawled under her truck and called her daughter to say that she was going to pack a bag of things from the residence she shared with Eric Hogle and head to her son's house in the City of Plattsburgh, Clinton County.
The victim's son observed her obvious physical injuries and emotional distress when she arrived and, against her wishes, called the police. State Police troopers responded, obtained a sworn deposition from the victim and took photographs of her injuries. Two other troopers went to defendant's residence in the early morning hours of June 21, 2021, woke him up and told him why they were there and that he was under arrest. Defendant then told them that the victim was "crazy" and denied having assaulted her.
Defendant was subsequently charged in an indictment with strangulation in the second degree and assault in the third degree. After his application to suppress the statements he had made to the arresting troopers was denied, the matter proceeded to a jury trial. The jury heard competing accounts of what had occurred, with the victim testifying as to how defendant had choked and assaulted her and defendant and his family members describing how she instigated the altercation with defendant and was lying about his behavior during it. The jury thereafter found defendant guilty as charged. County Court sentenced him, as a second felony offender, to four years in prison, to be followed by five years of postrelease supervision, on the strangulation conviction and a lesser concurrent jail term on the assault conviction. Defendant [*2]appeals.
We affirm. Defendant first alleges prosecutorial misconduct and/or police misconduct and, while his brief leaves it far from clear as to precisely what those claims involve, they appear to relate to his speculation that law enforcement officials were covering for the victim and only pursued the prosecution against him because she was an informant. Defendant did not raise those issues before County Court at any point, and they are therefore unpreserved (see CPL 470.05 [2]; People v Robinson, 88 NY2d 1001, 1002 [1996]). He further argues that the troopers who arrested him lacked probable cause to do so because the victim was, in his view, a "known liar" whose account of events could not be relied upon. Defendant failed to request a Dunaway hearing to challenge the legality of his arrest in his pretrial stipulation in lieu of motions, nor did he raise the issue at the ensuing suppression hearing, leaving that question unpreserved as well (see People v Paul, 202 AD3d 1203, 1208 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Collier, 146 AD3d 1146, 1147 [3d Dept 2017], lv denied 30 NY3d 948 [2017]). As for the issue that was raised at the suppression hearing — namely, the admissibility of his statements to the troopers who arrested him — the record fully supports County Court's determination that his statements were admissible because they were spontaneous and did not result from custodial interrogation or its equivalent (see People v Harris, 57 NY2d 335, 342 [1982]; People v Ero, 139 AD3d 1248, 1249-1250 [3d Dept 2016], lv denied 28 NY3d 929 [2016]).
Defendant next asserts that he received the ineffective assistance of counsel in various respects. Many of his contentions involve matters outside of the record that are better explored in a CPL article 440 motion, including that trial counsel failed to advance a purportedly viable speedy trial challenge, failed to seek out medical evidence to counter the victim's claims of strangulation, and could have established at trial defendant's speculation that the victim was a police informant (see People v Sykes, 204 AD3d 1244, 1246 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Marshall, 173 AD3d 1257, 1258 [3d Dept 2019]; People v Hull, 71 AD3d 1336, 1339 [3d Dept 2010]). The record reflects that trial counsel capably advanced the defense that the victim fabricated the assault, not only by undermining her credibility upon cross-examination, but by presenting the testimony of defendant and his family members who, among other things, described her as the aggressor and denied that defendant had ever choked or attacked her. As this strategy was premised upon the claim that defendant never attacked the victim, we do not agree with defendant that counsel was ineffective in failing to present inconsistent defenses, like justification or intoxication, which assumed that he had attacked her (see People v Dunham, 172 AD3d 1462, 1466 [3d Dept 2019], lv denied 33 NY3d 1068 [2019]). The other "[*3]purported defects in representation urged by defendant are, at best, second-guessing with the clarity of hindsight, which does not constitute ineffective assistance" (People v Bateman, 124 AD3d 983, 986 [3d Dept 2015], lv denied 25 NY3d 949 [2015]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Miley, 229 AD3d 969, 974 [3d Dept 2024], lv denied 42 NY3d 971 [2024]). As such, viewing counsel's performance in its entirety, we are satisfied that defendant received meaningful representation (see People v Benevento, 91 NY2d at 712).
Defendant's remaining complaints involve purported evidentiary and procedural errors by County Court in conducting the trial that are largely unpreserved and that, in any event, are entirely meritless (see People v Ashcroft, 233 AD3d 1080, 1084 [3d Dept 2024]; People v Covington, 222 AD3d 1166, 1170 [3d Dept 2023], lv denied 41 NY3d 964 [2024]; People v Seecoomar, 174 AD3d 1154, 1157 [3d Dept 2019], lv denied 34 NY3d 1019 [2019]).
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.