OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Appellate Division’s determination that the People established good cause for the delay in prosecuting the defendant is a mixed question of law and fact for which there is support in the record. This case involves a 1981 vicious double murder in a Queens bar, for which no one has yet been prosecuted. Three individuals linked to organized crime were thought to be suspects: defendant (aka “Pepe”), Frank Riccardi (aka “Frankie the Geech”) and Ronald Barlin (aka “Ronnie the Jew”). While 20 to 25 people allegedly were in the bar at the time of the murders, virtually all of them denied seeing the crime. Shortly after the murders, the main witness either fled the jurisdiction or hid from the police, refusing to cooperate. Another witness recanted her identification of Barlin, resulting in dismissal of an indictment against him. Riccardi has never been located. The Appellate Division’s inference of witness fear has ample support in the record, placing the good cause issue beyond this Court’s further review.
In this State, “we have never drawn a fine distinction between due process and speedy trial standards” when dealing with delays in prosecution (People v Singer, 44 NY2d 241, 253). Indeed, the factors utilized to determine if a defendant’s rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution (People v Staley, 41 NY2d 789, 792). Those factors are not simply the extent of the delay but also the reasons for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether there is any indication that the defense has been impaired by reason of the delay (People v Taranovich, 37 NY2d 442, 445). Courts must engage in a sensitive weighing process of the diversified factors in the particular case.
*888 While the delay has been extensive, the other factors favor the prosecution. Two bar owners were shot point blank after defendant’s cohort allegedly became enraged over a spilled drink, resulting in second degree murder charges. There was virtually no pretrial incarceration. The defense has not been impaired; to the contrary, defendant has enjoyed significant freedom with no public suspicion attendant upon an untried accusation of crime, and the record does not demonstrate undue prejudice to the defense. Far from giving the People an unfair tactical advantage, the delay here has made the case against defendant more difficult to prove beyond a reasonable doubt. In any event, a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant (People v Singer, 44 NY2d, at 254, supra).