■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TURNER, Appellant. [729 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 22, 1998, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the lengthy delay between his indictment and his return to New York from Virginia violated his right to a speedy trial. We disagree.

The relevant factors to be assessed in determining whether the defendant was deprived of a speedy trial are (1) the extent of the delay, (2) the reasons for the delay, (3) the nature of the underlying charge, (4) whether there is any indication that the

defense has been impaired by reason of the delay, and (5) whether there has been an extended period of pretrial incarceration (*see, People v Taranovich,* 37 NY2d 442; *People v Vernace,* 274 AD2d 595, *affd* 96 NY2d 886). No one factor or combination of factors is necessarily decisive. Rather, the particular case must be considered in light of all the factors (*see, People v Taranovich, supra,* at 445). In this case, the 16-year delay between the defendant's indictment and his return to New York after he was paroled in another state does not, in and of itself, warrant dismissal (*see, People v Vernace, supra*). During that time, the People diligently sought the defendant's extradition from Virginia, where he was incarcerated, until those efforts proved futile.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.