■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR SANTOS, Respondent. [756 NYS2d 781] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Griffin, J.), dated December 11, 2001, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground of preindictment delay.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground of preindictment delay is denied, and the indictment is reinstated.

Although the approximately nine-month delay between the defendant's identification as a suspect and his arrest (*see People v Papa,* 143 AD2d 1058, 1059 [1988]) was to some extent unnecessary, the severity of the underlying offense, the fact that the defendant was not incarcerated on the instant charges, and the lack of any prejudice to the defendant indicate that he was not denied due process (*see People v Vernace,* 96 NY2d 886, 887 [2001]; *People v Taranovich,* 37 NY2d 442, 445 [1975]; *People v Romero,* 173 AD2d 654 [1991]). Moreover, the record indicates that the preindictment investigation of the defendant was undertaken in good faith and the delay did not cause the prosecution to gain a tactical advantage (*see People v Vernace, supra* at 888; *People v Quiroz,* 192 AD2d 730 [1993]; *People v Papa, supra* at 1059). Therefore, the Supreme Court should not have dismissed the indictment. Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SMITH, Appellant. [756 NYS2d 861] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 25, 2002 (*People v Smith,* 291 AD2d 575 [2002]), affirming a judgment of the Supreme Court, Kings County, rendered October 26, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.