[912 NE2d 1041, 884 NYS2d 662]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE DECKER, Appellant.

Argued May 7, 2009; decided June 9, 2009

**POINTS OF COUNSEL**

*Law Office of Ronald L. Kuby,* New York City (*Ronald L. Kuby* of counsel), for appellant. Wayne Decker's due process rights were violated by the People of the State of New York's decision to wait 15 years to indict. (*United States v Marion,* 404 US 307; *United States v Mejias,* 417 F Supp 585, 552 F2d 435, *cert denied sub nom. Padilla-Martinez v United States,* 434 US 847; *United States v Dukow,* 453 F2d 1328; *People v McCrorey,* 180 Misc 2d 75; *Barker v Wingo,* 407 US 514; *People v Taranovich,* 37 NY2d 442; *People v Blakley,* 34 NY2d 311; *People v LaRocca,* 172 AD2d 628; *People v Vernace,* 96 NY2d 886; *People v Harrison,* 23 AD3d 689.)

*Daniel M. Donovan, Jr., District Attorney,* Staten Island (*Anne Grady* and *Morrie I. Kleinbart* of counsel), for respondent. The People of the State of New York acted in good faith in instituting the prosecution despite the passage of time; hence, defendant was not denied due process. (*Barker v Wingo,* 407 US 514; *People v Romeo,* 12 NY3d 51; *People v Singer,* 44 NY2d 241; *United States v Gouveia,* 467 US 180; *United States v Marion,* 404 US 307; *People v Taranovich,* 37 NY2d 442; *People v Bryant,* 65 AD2d 333; *United States v Lovasco,* 431 US 783; *People v Lesiuk,* 81 NY2d 485; *Rochin v California,* 342 US 165.)

**OPINION OF THE COURT**

Chief Judge Lippman.

On December 3, 1987, the body of Victoria Mason was found in her apartment. She had been beaten to death with a baseball bat. Defendant Wayne Decker was the only suspect. Although he was questioned by police at the time, the police found the evidence against him to be of doubtful quality and decided not to prosecute.

The case was reopened 15 years later, in 2002, when the police attempted to get physical evidence through modern scientific techniques. Several items were tested for fingerprints and

the presence of DNA, but did not ultimately yield any further evidence. In the course of the investigation, however, the police reinterviewed the original witnesses and decided to prosecute defendant, using the same evidence that was available in 1987.

Defendant moved to dismiss the indictment based on the lengthy preindictment delay. In response, the Assistant District Attorney (ADA) provided an affirmation stating that the District Attorney's office had decided not to prosecute the case in 1987 because it was based largely upon circumstantial evidence and they wanted to conduct further investigation. The ADA maintained that there were two problems: (1) witnesses were afraid to assist in the investigation or to testify because of defendant's reputation for intimidating and threatening witnesses and (2) the witnesses were drug addicts and many of them had their own convictions or pending criminal cases. Given these factors, the prosecutors determined that they would need additional independent evidence in order to prosecute defendant. By 2002, however, witnesses had overcome their drug addictions and were willing to testify.

Supreme Court denied defendant's motion to dismiss the indictment without a hearing, finding that the 15-year preindictment delay did not deprive defendant of due process of law. Defendant was then convicted of second-degree murder after a jury trial. The Appellate Division affirmed (51 AD3d 686 [2d Dept 2008]). A Judge of this Court granted defendant leave to appeal (11 NY3d 831 [2008]) and we now affirm.

An unjustified delay in prosecution will deny a defendant due process of law (see People v Staley, 41 NY2d 789, 791-792 [1977]; People v Winfrey, 20 NY2d 138, 143 [1967]). However, "a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant" (People v Vernace, 96 NY2d 886, 888 [2001]).* Where there has been extended delay, it is the People's burden to establish good cause (see People v Singer, 44 NY2d 241, 254 [1978]).

We have previously identified several factors to be analyzed when determining whether there has been undue delay:

---

* Notably, this right is somewhat more expansive than the corresponding right under the Federal Constitution. In order to have an indictment dismissed for preindictment delay based on a violation of Fifth Amendment due process, a defendant must show both that the government caused the delay in order to obtain a tactical advantage and that actual prejudice resulted (see United States v Gouveia, 467 US 180, 192 [1984]).

"(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]).

Although the *Taranovich* factors specifically applied to a defendant's right to a speedy trial, they have likewise been employed to determine whether there has been a violation of the due process right to prompt prosecution (*see Vernace*, 96 NY2d at 887; *Staley*, 41 NY2d at 792).

Although not determinative,

"the extent of the delay[ ] is of critical importance because 'all other factors being equal, the greater the delay the more probable it is that the accused will be harmed thereby.' [However, there] is no specific temporal period by which a delay may be evaluated or considered 'presumptively prejudicial' " (*People v Romeo*, 12 NY3d 51, 56 [2009] [citations omitted]).

It is undisputed that the 15-year delay in this case was indeed substantial, a fact that weighs in favor of defendant. On the other hand, a long delay may also work against the prosecution as the passage of time can make it more difficult for the People to meet their burden of proof (*see Vernace*, 96 NY2d at 888).

The People decided to defer prosecution for several reasons, including the witnesses' fear of testifying against defendant. The prosecution also wanted to conduct further investigation, given the condition of the witnesses and the lack of physical evidence against defendant. The subsequent decision to bring charges, albeit many years later, was not an abuse of the significant amount of discretion that the People must of necessity have, and there is no indication that the decision was made in anything other than good faith.

The underlying charge here is murder, inarguably a very serious offense. In addition, defendant remained at liberty on the murder charge until after his indictment and, since he was not arrested during the initial investigation, was not subject to the anguish (*see Singer*, 44 NY2d at 253 n 2) or public opprobrium often surrounding pending charges (*see Vernace*, 96 NY2d at 888).

Finally, there is no indication that the defense was significantly impaired by the delay. With a 15-year delay, it is likely

that some degree of prejudice will result—given that memories fade, potentially making it more difficult for a defendant to establish an alibi or other defenses. The rehabilitated witnesses definitely made a better appearance at trial than they would have in 1987, but the jury was aware of their past conduct and the witnesses were subject to cross-examination.

Balancing all of these factors, we conclude that defendant was not deprived of his due process right to prompt prosecution. Although the delay may have caused some degree of prejudice to defendant, the People satisfied their burden of demonstrating that they made a good faith determination not to proceed with the prosecution in 1987 due to, what was at the time, insufficient evidence.

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.