THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DeROSARIO, Appellant. [904 NYS2d 483]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered November 15, 2005, convicting him of murder in the second degree (two counts) and kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a hearing, the trial court properly denied the defendant's motion pursuant to CPL 210.20 to dismiss the indictment on the ground of preindictment delay. The five-year delay between the discovery of the victim's body and the indictment of the defendant did not, in and of itself, warrant dismissal of the indictment (see People v Decker, 13 NY3d 12, 14 [2009]; People v Turner, 286 AD2d 514 [2001]; People v Vernace, 274 AD2d 595 [2000], affd 96 NY2d 886 [2001]; People v Jones, 267 AD2d 250 [1999]; People v Tulloch, 179 AD2d 794 [1992]; People v LaRocca, 172 AD2d 628 [1991]). The determination as to whether there has been a due process violation turns upon a balancing of several factors including: (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of pretrial incarceration, and (5) whether there is any indication that the defense has been impaired by reason of the delay (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Turner, 286 AD2d 514 [2001]).

The People showed that they had a good faith basis for the delay in prosecution, based upon their decision not to proceed

until they believed that they had sufficient evidence to prosecute the case (*see People v Decker*, 13 NY3d at 16; *People v LaRocca*, 172 AD2d 628 [1991]). The record demonstrated that the case was never dormant, and was consistently under investigation from the discovery of the body in January 1999 until the indictment of the defendant in 2004. There is no indication that the police delayed arresting the defendant in order to gain a tactical advantage (*see People v Vernace*, 274 AD2d 595 [2000], *affd* 96 NY2d 886 [2001]; *People v Jones*, 267 AD2d 250 [1999]). Further, the crime was extremely serious. Moreover, no evidence was presented that the defense was impaired by the delay, or that the defendant's liberty was impaired as a result of the delay. During much of the period of the delay, the defendant was incarcerated on unrelated charges.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The fact that certain witnesses were fellow inmates of the defendant or had a prior history of drug use did not render their testimony incredible or unreliable (*see People v Yara*, 12 AD3d 626 [2004]; *People v Toro*, 272 AD2d 351 [2000]; *People v Beard*, 197 AD2d 582 [1993]).

The court did not err in imposing consecutive sentences for intentional murder and kidnapping in the first degree pursuant to Penal Law § 135.25 (2) (a). The acts underlying the crime of kidnapping in the first degree pursuant to Penal Law § 135.25 (2) (a) are separate and distinct from those underlying the crime of intentional murder, and those crimes did not share any material elements (*see People v Schojan*, 272 AD2d 932 [2000]; *People v May*, 263 AD2d 215 [2000]). Moreover, the sentence imposed was not excessive (*see People v Williams*, 226 AD2d 750 [1996]; *People v Tam Phan*, 225 AD2d 715 [1996]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.