■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD MILLER, Respondent. [922 NYS2d 149]—

Appeal by the People from an order of the County Court, Nassau County (Peck, J.), entered November 23, 2009, which, without a hearing, granted the defendant's motion to dismiss the indictment on the ground that there was an unreasonable delay in prosecution.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for a hearing in accordance herewith and thereafter for a new determination of the defendant's motion to dismiss the indictment.

On February 23, 2007, the defendant allegedly burglarized a commercial premises in Garden City. About 26 months later, in April 2009, the instant charge was presented to the Grand Jury, and the defendant was indicted for burglary in the third degree. Thereafter the defendant moved to dismiss the indictment, arguing that there was an unreasonable delay in prosecuting him, in violation of his right to due process of law. The County Court granted the motion without a hearing, finding that the 26-month delay was unreasonable.

The right to "prompt prosecution" is equated with the

constitutional right to a speedy trial (*People v Decker*, 13 NY3d 12, 15 [2009]; *see People v Vernace*, 96 NY2d 886, 887 [2001]). In determining whether there has been an undue delay, the court must analyze the same factors as come into play in examining whether a defendant has been deprived of his or her constitutional right to a speedy trial: " '(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay' " (*People v Decker*, 13 NY3d at 15, quoting *People v Taranovich*, 37 NY2d 442, 445 [1975]). The law is clear that where, as here, "there has been a prolonged delay . . . [the] burden [is] on the prosecution to establish good cause" (*People v Lesiuk*, 81 NY2d 485, 490 [1993], citing *People v Singer*, 44 NY2d 241, 254 [1978]; *see People v Decker*, 13 NY3d at 14), which may warrant a hearing (*see People v Singer*, 44 NY2d at 254). Moreover, the need to gather sufficient evidence, which the People herein proffer as a reason for the delay, may constitute good cause for the delay (*see People v Lesiuk*, 81 NY2d at 490; *People v Singer*, 44 NY2d at 254).

Given these considerations, and under all of the circumstances presented herein, the County Court should have conducted a hearing before determining whether the pre-indictment delay was unreasonable and in violation of the defendant's due process rights (*see People v DeRosario*, 74 AD3d 1356 [2010]; *People v Edwards*, 271 AD2d 812 [2000]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.