■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHANCE, Also Known as JOSEPH JENKINS, Appellant. [962 NYS2d 620]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 4, 2010, convicting him of burglary in the second degree, grand larceny in the fourth degree, petit larceny, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

"The right to 'prompt prosecution' is equated with the constitutional right to a speedy trial" (*People v Miller*, 83 AD3d 1097, 1097-1098 [2011], quoting *People v Decker*, 13 NY3d 12, 15 [2009]). "In determining whether there has been an undue delay, the court must analyze the same factors as come into play in examining whether a defendant has been deprived of his or her constitutional right to a speedy trial: ' "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" ' " (*People v Miller*, 83 AD3d at 1098, quoting *People*

*v Decker*, 13 NY3d at 15, quoting *People v Taranovich*, 37 NY2d 442, 445 [1975]). Although the approximately eight-month delay between the discovery of evidence linking the defendant to the crime and his arrest was to some extent unnecessary, given the severity of the underlying offense, the fact that the defendant was not incarcerated on the instant charges, and the lack of any prejudice, the defendant was not deprived of due process (*see People v Santos*, 303 AD2d 695 [2003]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to dismiss the indictment based on preindictment delay.

The defendant's contention that he was deprived of the effective assistance of counsel is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Thomas*, 89 AD3d 964, 965 [2011]; *People v Rohlehr*, 87 AD3d 603 [2011]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Flowers*, 95 AD3d 1233 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.