Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J., at speedy trial motion; Eugene Oliver, J., at plea and sentencing), rendered November 21, 2011, as amended November 28, 2011, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
After considering the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we conclude that the court properly denied defendant’s constitutional speedy trial motion. Although there was a delay of 33 months between defendant’s arrest and conviction, and defendant was incarcerated for that entire period, the charges involved multiple undercover sales, including *556 two class A-l felonies, made over the course of an extensive investigation. Furthermore, defendant has not asserted that the delay caused any specific prejudice.
The most significant factor supporting denial of the motion is that defendant has not shown what, if any, portion of the delay was attributable to the People. On the contrary, the record indicates that most of the delay was caused by motion practice, adjournment requests by defense counsel and by defendant’s own actions in filing 15 pro se motions and repeatedly obtaining new counsel. Defendant suggests that the justices presiding over his case should have exercised their discretion under People v Rodriguez (95 NY2d 497, 501-503 [2000]) to curtail his pro se motion practice. However, to use delay plainly attributable to a defendant as a basis for dismissal, under a theory that the court should have prevented the defendant from delaying his or her own case, would only encourage defendants to attempt to delay their cases in hope of being rewarded with dismissals.
In addition, there was no unlawful prearrest delay. Although the first undercover sale was made more than 15 months before defendant’s arrest, there were nine additional drug transactions during that period. Since defendant was a suspect in an ongoing undercover narcotics investigation, the People had a good faith reason to delay his prosecution on the first drug sale (see People v Decker, 13 NY3d 12 [2009]).
Defendant’s excessive sentence claim is properly before this court, notwithstanding defendant’s purported waiver of his right to appeal, because we find the waiver invalid. Although defendant signed a written waiver, there was not the requisite oral colloquy to confirm defendant’s understanding of its contents (see e.g. People v Bradshaw, 18 NY3d 257 [2011]). However, we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.E, Sweeny, Freedman and Gische, JJ.