Appeal by the defendant from a judgment of the County Court, Orange County (De *1011 Rosa, J.), rendered July 13, 2011, convicting him of criminal possession of stolen property in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People’s alleged failure to make out a prima facie case (see CPL 470.05; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Chance, 105 AD3d 758, 759 [2013]; People v Hill, 72 AD3d 702, 705 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was deprived of the right to a fair trial by certain comments made by the prosecutor on summation is unpreserved for appellate review, as the defendant did not object to the remarks at issue (see CPL 470.05 [2]; People v Kinard, 96 AD3d 976 [2012]). In any event, the challenged remarks constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Gross, 88 AD3d 905, 906 [2011]).
The defendant has failed to establish that he was deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).
The defendant’s contention that the County Court failed to comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (see People v Jackson, 87 AD3d 552, 553-554 [2011]; People v Csoke, 11 AD3d 631 [2004]; People v Todd, 306 AD2d 504, 505 [2003]). In any event, the County Court substantially complied with the requirements of CPL 400.21 (see People v Bouyea, 64 NY2d 1140, 1142 [1985]), and the court’s failure to specifically ask the defendant if he wished to controvert the allegations in the predi *1012 cate felony statement was harmless, since the defendant admitted the allegations in the statement, there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained, and he has not alleged any grounds to controvert it (see People v Chase, 101 AD3d 1141 [2012]; People v McAllister, 47 AD3d 731 [2008]; People v Flores, 40 AD3d 876 [2007]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.