# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**981**

**KA 13-00821**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

WILLIAM RIVERA, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

BARRY PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered November 5, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). Contrary to defendant's contention, County Court properly refused to dismiss the indictment on the grounds that his constitutional rights to a speedy trial and to due process were violated (*see generally People v Taranovich*, 37 NY2d 442, 445). The court properly determined, following a hearing, that the People established good cause for the 13-month preindictment delay (*see generally People v Singer*, 44 NY2d 241, 254; *People v Perez*, 85 AD3d 1538, 1538-1539; *People v Cody*, 30 AD3d 1068, 1068-1069), and that there was no "indication that the defense [was] impaired by reason of the delay" (*People v Vernace*, 96 NY2d 886, 887; *cf. People v Romeo*, 12 NY3d 51, 58, *cert denied* 558 US 817). We perceive no basis to disturb the court's determination that there was good cause for the delay in the grand jury presentation, i.e., the undercover officer involved in investigating defendant also was involved in another, unrelated investigation in the rural area in which defendant resided (*see People v Lesiuk*, 81 NY2d 485, 490-491), and, if the undercover officer's identity was revealed, both the safety of the undercover officer and the success of the unrelated investigation could be jeopardized.

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court