Peters, P.J.
(dissenting). I respectfully dissent. While I agree with the majority that the preindictment delay at issue here was protracted, I cannot abide my colleagues’ conclusion that the record on appeal provides an adequate basis upon which to determine whether such delay was justified.
In addressing an assertion of undue delay, we “must engage in a sensitive weighing” of the five factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), namely, “(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay” (id.; see People v Decker, 13 NY3d 12, 14-16 [2009]). “[N]o one factor or combination of the factors ... is necessarily decisive or determinative . . . , but rather the particular case must be considered in light of all the factors as they apply to it” (People v Taranovich, 37 NY2d at 445).
Four of the Taranovich factors are readily ascertainable and evaluated here. The preindictment delay, which lasted nearly four years and 10 months, was clearly extensive. On the other hand, the underlying charges — 26 counts of possessing a sexual performance by a child, a class E felony (see Penal Law § 263.16) — were very serious,[3] and defendant was neither incarcerated pretrial nor subjected to any actual prejudice by reason of the delay.
The record, however, is shockingly sparse concerning the reason for the preindictment delay. In opposition to defendant’s motion to dismiss, the People asserted that the Town of Colonie Police Department originally referred the matter to the office of the United States Attorney for the Northern District of New York and did not provide the People with defendant’s file until November 2013. However, without explaining the source of their knowledge, they go on to summarize events that took place before they received the file, including unsuccessful *1104 preindictment negotiations between defense counsel and a federal prosecutor, defendant’s firing of his attorney, the assignment of a new Assistant United States Attorney to the case and the decision of the United States Attorney not to prosecute defendant.
The People’s proffered reasons raise more questions than they answer. For example, the People did not reveal when and how they first learned that the matter had been referred to the United States Attorney, nor did they offer any explanation as to why they did not prosecute defendant while he was subject to federal indictment. While the answers to these questions, and others, may not be readily available, I find it significant that the People consented to a Singer hearing, thereby suggesting that they possessed additional information that could illuminate the circumstances that precipitated the delay.[4] That the statements made in the sparse, D/2-page affidavit submitted by the People are based merely upon a review of the files maintained by the Albany County District Attorney — and do not come from someone with personal knowledge of the circumstances — further supports this conclusion.
With so little information provided as to the precise reasons for the delay, I find it “impossible for any court to engage in th[e] [required] balancing process” (Matter of Benjamin L., 92 NY2d 660, 670 [1999]; see People v Singer, 44 NY2d 241, 255 [1978]; see generally People v Watts, 78 AD2d 1008, 1009 [1980]; People v Keane, 34 Misc 3d 159[A], 2012 NY Slip Op 50439[U] *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), and am unable to fathom why County Court failed to conduct a Singer hearing. Although the reason for the delay “may not be determinative, it might be relevant in relation to the other enumerated factors” (Matter of Benjamin L., 92 NY2d at 670 [internal citation omitted]), particularly in light of the serious nature of the charges, the fact that defendant was not incarcerated pretrial and the absence of any demonstrated prejudice to defendant. While I am mindful that the People bear “the burden of establishing the reasons for the delay, [their] failure to do so on this record should not be conclusive” (id.; see People v Singer, 44 NY2d at 255). In my view, a genuine injustice would result were our Court to dismiss this most serious indictment without affording the People an “opportunity to present additional evidence” (People v Singer, 44 NY2d at 255) so as to *1105 allow County Court to fully “explore the reason for the delay” and engage in a sensitive balancing of the Taranovich factors (Matter of Benjamin L., 92 NY2d at 670; see generally People v Watts, 78 AD2d at 1009). Accordingly, in accordance with People v Watts (78 AD2d at 1009), I would hold the appeal in abeyance and remit the matter to County Court for a Singer hearing and determination before a different judge.
Ordered that the judgments are reversed, on the law, and indictment dismissed.

. Specifically, defendant was charged with the possession of 26 digital video files containing graphic and disturbing titles such as “baby rape,” “family fun dad teaches bro and sis abt 9,10 kid sex incest,” “illegal Lolita daughter incest,” “child prostitute XXX HC Pedo,” “Bedtime Rape Until Cum private pedo child girl,” “Two 7,8 Yr. Old Girls Gives Hand-Job to Man” and “XXX— Incest — 5 yo raped, hymen penetrated.”

. I am not persuaded that a Singer hearing is unnecessary simply because the People — in urging this Court to affirm County Court’s denial of the motion — appeared to say as much in their submissions to this Court and at oral argument.