▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL ALLEN, Appellant. [20 NYS3d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered January 10, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's right to a speedy trial is guaranteed both by the United States Constitution (*see* US Const 6th, 14th Amends; *Klopfer v North Carolina*, 386 US 213 [1967]), and by statute (*see* CPL 30.20 [1]; Civil Rights Law § 12). Moreover, an unjustified delay in prosecution will deprive a defendant of the state constitutional right to due process (*see* NY Const, art I, § 6; *People v Decker*, 13 NY3d 12, 14 [2009]; *People v Staley*, 41 NY2d 789, 791 [1977]). However, "a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant" (*People v Vernace*, 96 NY2d 886, 888 [2001]; *see People v Decker*, 13 NY3d at 14). Where there has been extended delay, the People have the burden to establish good cause (*see People v Decker*, 13 NY3d at 14; *People v Singer*, 44 NY2d 241, 254 [1978]).

In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Appeals has articulated five factors to be considered: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of the defendant's defense (*see People v Romeo*, 12 NY3d 51, 55 [2009]; *People v Taranovich*, 37 NY2d 442, 445 [1975]; *see also Moore v Arizona*, 414 US 25, 26 [1973]; *Barker v Wingo*, 407 US 514, 533 [1972]). These factors apply as well to the due process guarantee (*see People v Decker*, 13 NY3d at 15; *People v Vernace*, 96 NY2d at 887; *People v Staley*, 41 NY2d at 792). "In this State, 'we have never drawn a fine distinction between due process and speedy trial standards'

when dealing with delays in prosecution" (*People v Vernace*, 96 NY2d at 887, quoting *People v Singer*, 44 NY2d at 253).

Here, the Supreme Court appropriately balanced the requisite factors and properly denied, without a hearing, the defendant's motion pursuant to CPL 30.20 to dismiss the indictment on the ground that he was denied his right to a speedy trial and his due process right to prompt prosecution. While there was an extensive delay of more than seven years between the defendant's arrest and his indictment, the Supreme Court properly determined that the People met their burden of demonstrating good cause for the delay, during which further investigation was conducted (*see People v Decker*, 13 NY3d at 14; *People v Denis*, 276 AD2d 237, 248 [2000]; *People v LaRocca*, 172 AD2d 628 [1991]; *cf. Doggett v United States*, 505 US 647, 652-653 [1992]; *People v Staley*, 41 NY2d at 792). Moreover, the nature of the charge was very serious, the defendant was incarcerated on this charge for only six days before his indictment, which period was concurrent with his incarceration on an unrelated charge, and the defendant failed to demonstrate significant prejudice from the delay (*see People v Vernace*, 96 NY2d at 888; *People v Fuller*, 57 NY2d 152, 160 [1982]; *People v Taranovich*, 37 NY2d at 445-446; *People v Bryant*, 65 AD2d 333, 337 [1978]).

The Supreme Court providently exercised its discretion in questioning prospective jurors about their potential exposure to certain news articles concerning the case which were brought into court by one prospective juror, and in denying the defendant's application to discharge the entire jury panel (*see People v Shulman*, 6 NY3d 1, 32 [2005]; *People v Moore*, 42 NY2d 421, 433-434 [1977]). The defendant was not deprived of his right to a fair trial by an impartial jury (*see People v Shulman*, 6 NY3d at 32).

Defense counsel's failure to exercise a peremptory challenge against a certain juror did not constitute ineffective assistance of counsel (*see People v Barboni*, 21 NY3d 393, 406 [2013]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.