■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BROWN, Appellant. [28 NYS3d 300]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at dismissal motion; Harold Rothwax, J., at jury trial and sentencing), rendered November 15, 1995, convicting defendant of absconding from temporary release in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The circumstances surrounding defendant's failure to comply with the reporting requirement of his work release program support the inference that defendant acted intentionally.

The motion court, after considering the *Taranovich* factors (*People v Taranovich*, 37 NY2d 442 [1975]), properly determined that although the 26-month prearrest delay was lengthy, and although defendant could have been charged sooner, the delay was not intended to obtain a tactical advantage relating to the absconding charge, but was the result of a determination, made in good faith, that a continuing homicide investigation required deferral of the absconding prosecution (*see People v Singer*, 44 NY2d 241, 254 [1978]). Defendant did not experience any period of pretrial incarceration due to the absconding charge, and he was not prejudiced by the delay (*see People v Decker*, 13 NY3d 12 [2009]). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.