People v Clark (2020 NY Slip Op 01180)





People v Clark


2020 NY Slip Op 01180


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00112
 (Ind. No. 15-00424)

[*1]The People of the State of New York, respondent,
v
Nicholas Clark, appellant.


Nicholas Clark, Chestnut Ridge, NY, appellant pro se.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered January 3, 2017, convicting him of criminal mischief in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution.
ORDERED that the matter is remitted to the County Court, Rockland County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution, and the appeal is held in abeyance in the interim. The County Court, Rockland County, shall conduct the hearing and file its report with all convenient speed.
During a domestic incident, the defendant damaged his wife's computer. After a jury trial, the defendant was convicted of criminal mischief in the third degree and sentenced to an indeterminate term of imprisonment of 1&frac13; to 4 years. The defendant appeals, contending, inter alia, in effect, that the County Court erred in denying, without a hearing, his motion to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution.
A defendant's right to a speedy trial is guaranteed both by the United States Constitution and by statute (see US Const 6th, 14th Amends; CPL 30.20[1]; Civil Rights Law § 12; People v Taranovich, 37 NY2d 442, 444). Further, an unjustified delay in prosecution deprives a defendant of the state constitutional right to due process (see NY Const, art I, § 6; People v Decker, 13 NY3d 12, 14; People v Staley, 41 NY2d 789, 791; People v Allen, 134 AD3d 730, 730).
In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Appeals has articulated five factors to be considered: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d at 445; see People v Wiggins, 31 NY3d 1, 10; People v Allen, 134 AD3d at 730). " [T]he factors utilized [*2]to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution'" (People v Wiggins, 31 NY3d at 12, quoting People v Vernace, 96 NY2d 886, 887; see People v Decker, 13 NY3d at 15; People v Allen, 134 AD3d at 730). While the Court of Appeals has never drawn a fine distinction between due process violations based on a delay in commencing prosecution and speedy trial violations, the People have wider discretion to delay commencement of prosecution for good faith legitimate reasons than they do to delay a defendant's trial after charges have been filed (see People v Wiggins, 31 NY3d at 12-13).
"[U]nder state due process principles, lengthy and unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown'" (id. at 13, quoting People v Singer, 44 NY2d 241, 253-254). However, " a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense'" (People v Wiggins, 31 NY3d at 13, quoting People v Singer, 44 NY2d at 254; see People v Decker, 13 NY3d at 14). "Where there has been extended delay, it is the People's burden to establish good cause" (People v Decker, 13 NY3d at 14; see People v Singer, 44 NY2d at 254; People v Mattison, 162 AD3d 905, 906).
Here, the County Court failed to appropriately balance the requisite factors and improperly denied, without a hearing, the defendant's motion to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution. Under the circumstances presented, which included a delay of approximately 22 months from the time of the incident to the filing of the indictment and arraignment, the People's failure on the record to establish a good faith legitimate reason for the delay, and the defendant's claim of prejudice, the County Court should have conducted a hearing before determining that the delay in prosecution was not in violation of the defendant's due process rights (see People v Singer, 44 NY2d at 255; People v Miller, 83 AD3d 1097, 1097; People v Lush, 234 AD2d 991, 991; People v Vasquez, 79 AD2d 621, 621-622; People v Townsend, 38 AD2d 569, 569).
Accordingly, the matter is remitted to the County Court, Rockland County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution, and the appeal is held in abeyance in the interim (see People v Lush, 234 AD2d at 991; People v Vasquez, 79 AD2d at 621-622; People v Townsend, 38 AD2d at 569). We decide no other issues at this time.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court