People v Perez (2021 NY Slip Op 00031)





People v Perez


2021 NY Slip Op 00031


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Ind No. 4211/08 4211/08 Appeal No. 12756 Case No. 2019-4405 

[*1]The People of the State of New York, Respondent,
v
Rafael Antonio Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 20,2018, convicting defendant, after a jury trial, of murder in the second degree (two counts) and kidnapping in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The identification testimony from a surviving victim, who knew defendant since childhood, was extensively corroborated by circumstantial evidence. The evidence established defendant's guilt of both felony and depraved indifference murder. There was ample evidence that defendant acted with depraved indifference when he poured flammable liquid on the bound murder victim and lit a match near her (see People v Suarez, 6 NY3d 202, 214 [2005]).
The court properly denied defendant's constitutional speedy trial motion, (see People v Decker, 13 NY3d 12, 14 [2009]; People v Taranovich, 37 NY2d 442, 445 [1975]). The detailed record supports the court's findings regarding the applicable factors (see id.). The People satisfactorily explained the lengthy delays that were attributable to the difficulty in locating the identifying witness, who left the United States after the crime. and the difficulty in apprehending defendant. After weighing the relevant factors, we find no basis for dismissing the indictment. Furthermore, there are no factual disputes warranting a remand for an evidentiary hearing.
Defendant failed to preserve his argument that the court improperly admitted a statement made by another participant in the crime, and we decline to review it in the interest of justice. We have considered and rejected defendant's ineffective assistance of counsel claim relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021