People v Pilmar (2021 NY Slip Op 02116)





People v Pilmar


2021 NY Slip Op 02116


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Ind No. 2399/17 Appeal No. 13533 Case No. 2019-04805 

[*1]The People of the State of New York, Respondent,
v
Roslyn Pilmar, Defendant-Appellant.


Talkin, Muccigrosso & Roberts, LLP, New York (Sanford N. Talkin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered July 8, 2019, convicting defendant, after a jury trial, of murder in the second degree, and sentencing her to a term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations, or its evaluation of the extensive circumstantial evidence establishing defendant's guilt.
The court properly denied defendant's motion to dismiss the indictment on the ground of preindictment delay (see People v Singer, 44 NY2d 241 [1978]; People v Taranovich, 37 NY2d 442, 445 [1975]). The record supports the court's findings regarding the applicable factors (see id.). Although the 21—year delay was significant, it was not due to bad faith. Instead, it was the result of the prosecutor's efforts to acquire additional evidence in order to prove defendant's guilt beyond a reasonable doubt. The investigative delays were satisfactorily explained and were permissible exercises of prosecutorial discretion (see People v Decker, 13 NY3d 12, 14 [2009]). After weighing the relevant factors, we find no basis for dismissing the indictment. Furthermore, there are no factual disputes warranting a remand for an evidentiary hearing.
The portions of the prosecutor's summation to which defendant objected did not make a propensity argument or unsubstantiated assertions of fact, or draw inferences without record support. They were responsive to defense counsel's summation or fair comment on the evidence, and any impropriety was not so egregious as to require reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Defendant's challenge to the portion of the People's summation purportedly denigrating the defense is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021