People v McDonald (2022 NY Slip Op 02099)





People v McDonald


2022 NY Slip Op 02099


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Ind. No. 503/11 Appeal No. 15253 Case No. 2019-1705 

[*1]The People of the State of New York, Respondent,
v
Mark McDonald, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered March 30, 2017, convicting defendant, after a jury trial, of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 23 years to life, unanimously reversed, on the law, and the indictment dismissed.
The court should have granted defendant's motion to dismiss because he was deprived of his constitutional right to a speedy trial. The factors to be weighed in determining whether there has been a denial of that right are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]).
In this case, the pretrial delay of almost six years was unreasonably long, and defendant was incarcerated throughout that time (see People v Wiggins, 31 NY3d 1, 10-11 [2018]). Defendant did not specifically show that the delay prejudiced the defense, but he "suffered presumptive prejudice . . . considering the extraordinary length of the delay and the fact that defendant was incarcerated during the entirety of that delay" (id. at 19). While the charges against defendant were very serious, alleging that he shot two people, killing one and wounding the other, this was a relatively simple case that did not warrant such an extraordinary delay in bringing defendant to trial.
The second Taranovich factor, the reason for the delay, also favors defendant. "Where there has been extended delay, it is the People's burden to establish good cause" (People v Decker, 13 NY3d 12, 14 [2009]). Following defendant's January 2011 arraignment, this case was reassigned to successive Assistant District Attorneys. After the case was assigned to the third and final prosecutor in mid-2014, he waited about one year before seeking to obtain a DNA sample from defendant to be compared with DNA recovered from a plastic cup found outside the garage in which the shootings occurred during a party. That motion was denied because there was no nexus between the cup and the shootings, and because defendant's admitted attendance at the party was undisputed. The People argue that their delay was justified by the reluctance of a retired detective to testify; they cite a note from the detective's doctor stating that he was medically unfit to be cross-examined and argue that the detective was a necessary witness because he conducted the lineup in which the surviving victim identified defendant as the assailant. However, this detective ultimately did not testify at the suppression hearing or trial, and the suppression court credited the hearing testimony of the surviving victim, who knew defendant, and denied the motion to suppress the identification based on that testimony[*2]. Moreover, it is undisputed that the retired detective was not needed to introduce defendant's statements, which were introduced through another detective at trial.
For the foregoing reasons, under the particular circumstances of this case, we find that defendant was deprived of his constitutional right to a speedy trial. Accordingly, we do not reach defendant's remaining arguments on appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022