People v Lincoln (2025 NY Slip Op 07025)

People v Lincoln

2025 NY Slip Op 07025

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
SUSAN QUIRK, JJ.

2024-03118
 (Ind. No. 72592/22)

[*1]The People of the State of New York, respondent,
v
Abraham J. Lincoln, appellant.

Samantha Chorny, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash, Marion Tang, and Kerriann Kelly of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Steven A. Pilewski, J.), rendered April 17, 2024, convicting him of criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a 36-count indictment with, among other crimes, burglary in the first degree, burglary in the second degree, criminal contempt in the first degree, and criminal contempt in the second degree. Following a jury trial, the defendant was convicted of two counts of criminal contempt in the second degree. The defendant appeals.
Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was to dismiss the indictment on the ground that he was deprived of due process by the People's unjustified delay in prosecution. "[A]n unjustified delay in prosecution will deprive a defendant of the State constitutional right to due process" (People v Metellus, 157 AD3d 821, 822; see NY Const, art I, § 6; People v Decker, 13 NY3d 12, 14). However, "a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (People v Singer, 44 NY2d 241, 254; see People v Clark, 180 AD3d 925, 926). "Where there has been extended delay, the People have the burden to establish good cause" (People v Metellus, 157 AD3d at 822; see People v Decker, 13 NY3d at 14).
"The Court of Appeals has articulated the following factors to consider when determining whether a defendant's right to a speedy trial or due process right to prompt prosecution has been violated: (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of pretrial incarceration, and (5) whether there is any indication that the defense has been prejudiced by the delay" (People v Mattison, 162 AD3d 905, 906; see People v Decker, 13 NY3d at 14-15; People v Taranovich, 37 NY2d 442, 445).
Here, the People demonstrated good cause for the delay of approximately nine months [*2]between the commission of the crimes and the defendant's arrest, including, inter alia, the defendant's own conduct in evading law enforcement (see People v Barba, 135 AD3d 950, 951). The extent of the delay in prosecution is outweighed by the People's good cause for the delay, the nature of the crimes, and the lack of any prejudice from the delay identified by the defendant. Under the circumstances, we are satisfied that the defendant was not deprived of his due process right to prompt prosecution (see People v Gardner, 204 AD3d 1039, 1041; People v George, 199 AD3d 1064, 1067; People v Mattison, 162 AD3d at 906).
The County Court also properly denied that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. Contrary to the defendant's contention, the People established that their November 2022 certificate of compliance was proper and their statement of readiness was not illusory (see People v Macaluso, 230 AD3d 1158, 1160).
The defendant's contention that the People's opposition to his motion to dismiss the indictment was untimely is not properly before this Court.
The defendant's remaining contentions are without merit.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court