■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO ALMONTE, Appellant. [935 NYS2d 293]—

The court properly denied defendant's motion to dismiss the indictment on the ground of prearrest delay (*see People v Taranovich*, 37 NY2d 442, 445 [1975]). The 10-year investigative delay was significant, but it was justified in this extremely serious case involving the murder of a police officer, where defendant fled the country after the incident.

At the original grand jury presentation in 1989, the People presented evidence against defendant and a codefendant. However, the People only asked the grand jury to consider charges against the codefendant. The People reasonably concluded that, regardless of whether they could obtain an indictment against this defendant, they did not have sufficient evidence to obtain a conviction. The record reflects that the investigation did not continue because the People had exhausted all reasonable investigative steps.

Years later, a witness who had been interviewed shortly after the crime provided different, and much more valuable information than that which he had provided initially. The witness revealed that he had been a participant in the underlying robbery that led to the shooting death of the police officer. The witness also agreed to cooperate in return for leniency on this case as well as unrelated charges. The People reasonably concluded that their case against defendant had become strong enough for prosecution. Accordingly, the investigatory delay was satisfactorily explained, and was a permissible exercise of prosecutorial discretion (*see People v Decker*, 13 NY3d 12 [2009]).

We find defendant's claim that he was prejudiced by the delay unpersuasive. While defendant cites to some lost witnesses and physical evidence, there is no reason to believe that any of this proof would have been exculpatory.

The court dismissed the indictment (190 Misc 2d 783, 786-788 [Sup Ct, NY County 2002]) on the ground of a violation of CPL 190.75 (3), but granted the People leave to resubmit the charge to another grand jury. The grant of leave was a proper exercise of discretion in light of the history of the case, as described above.

Defendant did not preserve his arguments, including his constitutional claims, regarding redacted statements by a nontestifying codefendant, photographic evidence, and a portion of the court's charge. We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.

Defendant's ineffective assistance of counsel claims, including those presented in his pro se supplemental brief, assert that counsel was ineffective for failing to object to allegedly improper aspects of the trial evidence, the prosecutor's summation, and the court's charge. These claims are unreviewable on direct appeal because they involve matters outside the record concerning possible strategic explanations for omitting these objections (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). We conclude that counsel's failure to make these objections did not deprive defendant of a fair trial, affect the outcome of the case, or cause defendant any prejudice (see Strickland, 466 US at 694). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.