■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN RIOS, Appellant. [33 NYS3d 32]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 6, 2010, convicting defendant, after a jury trial, of rape in the first degree (three counts), criminal sexual act in the first degree (three counts), sexual abuse in the first degree and robbery in the first degree, and sentencing him to an aggregate term of 12 years, unanimously affirmed.

Defendant's legal sufficiency claims as to the sexual abuse and robbery counts are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also reject defendant's remaining challenges to the sufficiency of the evidence and find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Among other things, we note that defendant's arguments concerning the victim's motive to falsify are unconvincing, and that defendant's testimony was completely contradicted by his prior statements and was otherwise incredible.

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside, or not fully explained by, the record, including matters of strategy (*see People v Rivera*, 71 NY2d 705 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although many of defendant's

complaints about trial counsel involve failure to make objections, the record does not reveal whether counsel had strategic reasons for not making those objections; for example, "it is understandable that a defense counsel may wish to avoid underscoring a prejudicial remark in the minds of the jury by drawing attention to it" (*United States v Grunberger*, 431 F2d 1062, 1069 [2d Cir 1970]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence, or running it concurrently with the sentence on defendant's other rape conviction. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.