People v Drame (2020 NY Slip Op 03862)





People v Drame


2020 NY Slip Op 03862


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11793 3520/16

[*1] The People of the State of New York, Respondent,
v
Fomdo Drame, Defendant-Appellant.


Michael D. Horn, Astoria, for appellant.
Blank Rome LLP, New York (Timothy W. Salter of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 15, 2018, convicting defendant, after a jury trial, of rape in the first degree and sexual assault in the first degree and sentencing him to an aggregate term of 15 years, unanimously affirmed.
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comments on the evidence along with reasonable inferences to be drawn therefrom. These comments were responsive to defense arguments, and the summation did not shift the burden of proof or deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's ineffective assistance of counsel claims based on his trial counsel's failure to object to the challenged portions of the prosecutor's summation are unreviewable on direct appeal because they involve matters outside the record concerning possible strategic explanations for not objecting (see e.g. People v Rios, 139 AD3d 620 [1st Dept 2016], lv denied 28 NY3d 973 [2016]; People v Almonte, 90 AD3d 579, 580 [1st Dept 2011] lv denied 19 NY3d 956 [2012]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the absence of objections fell below an
objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK