People v Jackson (2021 NY Slip Op 01488)





People v Jackson


2021 NY Slip Op 01488


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


3342/15, 4855/15 Index No. 3342/15, 4855/15 3342/15, 4855/15 Appeal No. 13320 Case No. 2018-1081 

[*1]The People of the State of New York, Respondent,
v
Raphael Jackson, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered November 15, 2016, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
The court correctly denied defendant's request for a charge on the defense of temporary lawful possession of a firearm. There was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (see People v Banks, 76 NY2d 799, 801 [1990]; People v Snyder, 73 NY3d 900 [1989]). Defendant's testimony established that he was at least a joint possessor of a pistol long before the incident in which he claimed to have disarmed his fiancÉe, and nothing in defendant's testimony supported a reasonable view that he possessed or intended to possess the weapon only long enough to dispose of it safely.
Under the circumstances presented, the court's paraphrasing of a part of a note from the deliberating jury did not rise to the level of a mode of proceedings error requiring reversal under People v O'Rama (78 NY2d 270 [1991]). The portion at issue simply and unambiguously asked for a rereading of a specific part of the court's original charge. Although the court should have read the entire note into the record verbatim, the paraphrasing did not undermine defense counsel's ability to provide input into the court's response to the note, including the portions of the note that the court did read verbatim (see People v Snider, 49 AD3d 459, 460 [1st Dept 2008], lv denied 11 NY3d 795 [2008]).
The court providently exercised its discretion in denying defendant's mistrial motion, made when the prosecutor's cross-examination of defendant went beyond the court's Sandoval ruling (see People v Santiago, 52 NY2d 865, 866 [1981]; People v Young, 48 NY2d 995 [1980]). Any potential prejudice was prevented by the court's prompt action in sustaining an objection before the errant question was answered, and defendant expressly waived any curative instruction.
Defendant's claims based upon remarks made by the prosecutor during summation are largely unpreserved. However, these were made in response to defendant's characterization of the testimony and thus was fair comment on the evidence (see People v Rios, 139 AD3d 620, 620 [1st Dept 2010], lv denied 28 NY3d 973 [2016]). Defendant did not preserve his other misconduct claims, his claim that the court should have added certain language about the burden of proof to one of its supplemental instructions, his present arguments about the timeliness and substance of his missing witness application, or his claim of a variance between the indictment and the trial proof. We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. We have also considered and rejected defendant's ineffective assistance of counsel claims [*2]relating to lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021