People v Aviles (2021 NY Slip Op 50331(U))

[*1]

People v Aviles (Julio)

2021 NY Slip Op 50331(U) [71 Misc 3d 133(A)]

Decided on April 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570004/17

The People of the State of New York,
Respondent, 
against
Julio Aviles, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered September 22, 2016, after a jury trial, convicting
him of driving while intoxicated per se and driving while intoxicated, and imposing
sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered September 22, 2016, affirmed.
Defendant's claim that the prosecutor's opening and closing statements deprived him of a fair
trial is unpreserved, and we decline to review the issue in the interest of justice (see CPL
470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v LaValle, 3
NY3d 88, 116 [2004]). As an alternative holding, we find that the challenged remarks generally
constituted fair comment on the evidence and the inferences to be drawn therefrom, and did not
shift the burden of proof or deprive defendant of a fair trial (see People v Galloway, 54
NY2d 396, 400 [1981]; People v Overlee, 236 AD2d 133, 138-144 [1997], appeal
denied 91 NY2d 976 [1998]). To the extent that the prosecutor may have exceeded the
bounds of permissible rhetorical comment, any error was harmless in light of the overwhelming
evidence of guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's ineffective assistance of counsel claims based on his trial counsel's failure to
object to the challenged comments are unreviewable on direct appeal because they involve
matters outside the record concerning possible strategic explanations for not objecting (see e.g. People v Rios, 139 AD3d
620 [2016], lv denied 28 NY3d 973 [2016]; People v Almonte, 90 AD3d 579, 580 [2011], lv denied 19
NY3d 956 [2012]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits
of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the
existing record permits review, we find that defendant received effective assistance under the
state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998];
see also Strickland v Washington, 466 US 668 [1984]). Defendant [*2]has not shown that the absence of objections fell below an objective
standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome
of the case.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: April 16, 2021