People v Wald (2023 NY Slip Op 01967)

People v Wald

2023 NY Slip Op 01967

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Ind. No. 2399/17 Appeal No. 42 Case No. 2019-03872 

[*1]The People of the State of New York, Respondent,
v
Evan Wald, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered July 8, 2019, convicting defendant, after a jury trial, or murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
Supreme Court properly denied defendant's motion to dismiss the indictment on the ground of preindictment delay (see People v Singer, 44 NY2d 241 [1978]; People v Taranovich, 37 NY2d 442, 445 [1975]). Preliminarily, we note that the majority of defendant's arguments are similar to arguments this Court previously considered and rejected on the codefendant's appeal (People v Pilmar, 193 AD3d 467 [1st Dept 2021], lv denied 37 NY3d 967 [2021]). We have considered those arguments that are specific to defendant and find no basis to reach a different result.
Although the 21-year delay was significant, it was not due to bad faith or to gain a tactical advantage. Instead, it was the result of the prosecutor's efforts to acquire additional evidence to prove defendant's guilt beyond a reasonable doubt. The investigative delays were satisfactorily explained and were permissible exercises of prosecutorial discretion (see People v Decker, 13 NY3d 12, 14 [2009]).
The People's delay here is readily distinguishable from the delay recently addressed by the Court of Appeals in People v Regan, NY3d, 2023 NY Slip Op 01353 [2023]). There, the Court found that the four-year preindictment delay on charges of sexual assault was unreasonable. The Court noted that the People had amassed the majority of the evidence, save for obtaining a DNA sample from the defendant, early in the investigation of the case. The People apparently conceded that their failure to take the necessary steps for 38 months, to secure a DNA sample from the defendant was based in part on their incompetence. In contrast, here, the record demonstrates that the People delayed commencement of the prosecution of this homicide to obtain additional evidence to strengthen their case, which consisted almost entirely of circumstantial evidence. In the ensuing years, the record indicates that reasonable investigative steps were taken to gather evidence for an indictment, including reinterviewing witnesses and conducting additional forensic testing. Once this new information was obtained, including information concerning the whereabouts of the codefendant prior to and after the homicide, as well as a possible motive for the crime, the People sought an indictment.
Defendant's right of confrontation was not violated when the autopsy report prepared by a nontestifying medical examiner was introduced through the testimony of another medical examiner. While the Confrontation Clause bars admission of "testimonial statements" of a witness who does not appear at trial (see Crawford v Washington, 541 US 36, 53-54 [2004]), this Court has held that the factual statements in an autopsy report are nontestimonial, and their admission at trial without in-court testimony from the person [*2]who prepared the report does not violate the Confrontation Clause (see People v John, 27 NY3d 294, 315 [2016]; People v Freycinet, 11 NY3d 38, 42 [2008]; People v Fuller, 210 AD3d 597, 599 [1st Dept 2022]; People v Ortega, 202 AD3d 489, 491-492 [1st Dept 2022], lv granted 38 NY3d 1073 [2022]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, or its evaluation of the extensive circumstantial evidence establishing defendant's guilt.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023