People v Stewart (2023 NY Slip Op 02465)

People v Stewart

2023 NY Slip Op 02465

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Ind No. 1805/16 Appeal No. 212-212A Case No. 2018-2435 2021-03738 

[*1]The People of the State of New York, Respondent,
v
Michael Stewart, Defendant-Appellant. 

Mark W. Zeno, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J. at hearing; Lester B. Adler, J. at jury trial and sentencing), rendered November 27, 2017, convicting defendant of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee and reducing the mandatory surcharge and crime victim assistance fee to $150 and $5, respectively, and otherwise affirmed. Order, Supreme Court, Bronx County (Martin Marcus, J.), entered on or about June 29, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Initially, we find no basis to disturb the jury's credibility determinations. Circumstantial evidence established beyond a reasonable doubt that defendant was the person who shot and killed the victim, who was the mother of his child (see People v Vega, 3 AD3d 239, 251 [1st Dept 2004], lv denied 2 NY3d 766 [2004]; People v Bierenbaum, 301 AD2d 119, 139 [1st Dept 2002], lv denied 99 NY2d 636 [2003], cert denied 540 US 821 [2003]). In addition to evidence of motive and intent (see People v Baez, 187 AD3d 610, 610 [1st Dept 2020], lv denied 36 NY3d 969 [2020]), defendant's statement to the police placed him at the victim's apartment where she was found with a gunshot wound to the head. This statement was highly incriminating, and the jury could have readily discounted the exculpatory aspect of the statement as implausible. Defendant also acknowledged that during the general time period of the homicide, he carried a firearm consistent with the type of firearm police experts testified was used in this killing. The apartment showed no signs of forced entry, of a level of disarray that would suggest a burglary, or of a sudden confrontation between the victim and an intruder. Defendant, who admitted that he had keys to the apartment and who had been intimate with the victim, was the only person other than his and the victim's two-year-old child known to be present in the apartment the night of the murder. The People also presented significant evidence of consciousness of guilt. Among other things, evidence was presented that defendant bought an international airline ticket and left the United States the morning after the murder, before telephoning the victim's father and informing him that his daughter had been killed and that his grandchild was still alive in the apartment. There was no evidence that anyone other than defendant was even aware that the victim had been killed at the time defendant called the victim's father. The various alternative theories proposed by defendant had no evidentiary support or were refuted by the evidence.
The suppression hearing court properly denied defendant's motion to suppress statements he made to police after he was given Miranda warnings. The record supports the court's finding that, when [*2]viewed in context, certain phrases used by defendant did not constitute requests to terminate the interview or unequivocal assertions of the right to remain silent (see People v Rodriguez, 49 AD3d 431, 433 [1st Dept 2008], lv denied 10 NY3d 964 [2008]; People v Garcia, 284 AD2d 106, 107 [1st Dept 2001], lv denied 97 NY2d 641 [2001]; see also People v Dawson, 38 NY3d 1055, 1055-56 [2022]).
The court providently exercised its discretion in permitting the People to introduce limited evidence of prior domestic violence incidents between defendant and the victim, because they were probative of identity, motive and intent, and provided background information explaining the abusive relationship between the parties (see People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Dorm, 12 NY3d 16, 19 [2009]; Vega, 3 AD3d at 248-249). These incidents were not unduly remote in time or disconnected from the murder (see Baez, 187 AD3d at 611). The probative value of this evidence outweighed any potential prejudicial effect, which was minimized by the court's limiting instruction.
The court properly denied defendant's CPL 440.10 motion, without granting a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]; People v Satterfield, 66 NY2d 796, 799-800 [1985]). "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination" (People v Jones, 24 NY3d 623, 635 [2014]), and there were no factual disputes requiring resolution at an evidentiary hearing. The court correctly determined, based on the parties' submissions, that defendant received effective assistance of counsel under the state and federal standards
(see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant failed to show that counsel's decision to forgo a motion for dismissal on the ground of preindictment delay fell below an objective standard of reasonableness, or that such a motion would have succeeded. The court properly weighed the applicable factors and determined that there was no basis to dismiss the indictment (see People v Taranovich, 37 NY2d 442, 445 [1975]). Although the police investigatory delay was lengthy, it was satisfactorily explained (compare People v Evan Wald _AD3d _ , 2023 NY Slip Op 01967 [1st Dept 2023], with People v Regan, _ NY3d _ , 2023 NY Slip Op 01353 [2023]).
We perceive no basis for reducing the sentence. However, as the People concede, the fees and surcharge should be reduced or vacated as indicated, in accordance with the sentencing laws in effect when the crime was committed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023