People v Prieto (2025 NY Slip Op 05174)

People v Prieto

2025 NY Slip Op 05174

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Ind. No. 2123/19|Appeal No. 4740|Case No. 2021-00134|

[*1]The People of the State of New York, Respondent,
v
William Prieto, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth (Liza) Batkin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered March 13, 2020, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 9 years, and otherwise affirmed.
Defendant's legal insufficiency claim challenging the People's proof of the display of "what appears to be" a firearm (Penal Law § 160.10[2][b]), is unpreserved, and we decline to review it in the interest of justice (see People v Gray, 86 NY2d 10, 20-21 [1995]). As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence, and there is no basis for disturbing the jury's credibility determinations (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The totality of the evidence, including testimony from the complainant and two eyewitnesses and defendant's false statements to police, established that defendant was the man who robbed the victim by informing her that he had a gun and intended to shoot her if she failed to hand over money and her cell phone, while concealing his right arm inside a backpack positioned in front of his body (see People v Smith, 29 NY3d 91, 96 [2017]; People v Flores, 223 AD3d 626 [1st Dept 2024], lv denied 41 NY3d 983 [2024]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Almonte, 90 AD3d 579, 580 [1st Dept 2011], lv denied 19 NY3d 956 [2012]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that defense counsel's failure to object to the admission of cell phone evidence, the prosecutor's request for an expanded jury instruction on the "display" element, defense counsel's summation, or the prosecutor's summation deprived him of a fair trial or affected the outcome of the case (see People v Cass, 18 NY3d 553, 564 [2012]; People v Taylor, 1 NY3d 174, 177-178 [2003]). Nor does counsel's failure to request a cross-racial identification charge inherently amount to deficient performance (see People v Robbs, 233 AD3d 1456, 1458 [4th Dept 2024], lv denied 43 NY3d 1056 [2025]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025