People v Ford

2026 NY Slip Op 02793

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Emanuel Ford, Defendant-Appellant.

Decided and Entered: May 05, 2026

Ind No. 70852/22|Appeal No. 6544|Case No. 2023-03335|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Latham & Watkins LLP, New York (Nicolas Luongo of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Ann Thompson, J. at motion; Abraham L. Clott, J. at plea and sentencing), rendered June 20, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment based on preindictment delay (see People v Regan, 39 NY3d 459, 464 [2023]; People v Taranovich, 37 NY2d 442, 445 [1975]). Although the 3½-year delay between the incident and defendant's arrest and indictment was "substantial" (People v Delgado, 161 AD3d 528, 529 [1st Dept 2018], lv denied 31 NY3d 1146 [2018]), the People sufficiently explained that they initially lacked sufficient evidence to prove defendant's guilt beyond a reasonable doubt, due to the difficulty of establishing his identity as an accomplice of the shooter based solely on surveillance videos (see People v Singer, 44 NY2d 241, 254 [1978]; People v Wald, 215 AD3d 497, 497-498 [1st Dept 2023], lv denied 41 NY3d 1005 [2024], cert denied — US —, 145 S Ct 776 [2024]). Several years later, when police recovered a gun from one of defendant's associates that appeared to be the same firearm handled by defendant on the surveillance videos, and a police officer had gained sufficient familiarity with defendant to potentially offer lay opinion testimony that he was the suspect depicted on the videos (see People v Coleman, 78 AD3d 457, 458 [1st Dept 2010], lv denied 16 NY3d 829 [2011]), the People concluded that they were able to pursue a case against defendant (see People v Thigpen, 201 AD3d 551 [1st Dept 2022], lv denied 38 NY3d 954 [2022]; People v Delgado, 292 AD2d 212, 212 [1st Dept 2002], lv denied 98 NY2d 696 [2002]; see also People v Tyson, — NY3d —, —, 2026 NY Slip Op 01446, *1 [2026] ["the prosecution should always endeavor to compile evidence not only sufficient to indict, but sufficient to prove its case beyond a reasonable doubt prior to seeking indictment"]). Thus, the evidence before the motion court established that the determination to delay prosecution was made in good faith and not based on any negligent failures to investigate or attempts to gain a tactical advantage (see People v Decker, 13 NY3d 12, 14 [2009]; People v Lee, 234 AD2d 140, 143 [1st Dept 1996], lv denied 89 NY2d 1013 [1997]). Moreover, defendant's claim of prejudice is speculative (see People v Almonte, 90 AD3d 579, 579 [1st Dept 2011], lv denied 19 NY3d 956 [2012]), and the delay was not "so egregious as to warrant dismissal regardless of prejudice" (Delgado, 161 AD3d at 529).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026