People v Jones (2025 NY Slip Op 01820)

People v Jones

2025 NY Slip Op 01820

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-07556
 (Ind. No. 71628/23)

[*1]The People of the State of New York, appellant,
v
Shakeem Jones, respondent.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for appellant.
Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), dated July 26, 2023, which granted the defendant's motion to dismiss the indictment on the ground that he was deprived of his constitutional right to a speedy trial.
ORDERED that the order is affirmed.
On February 20, 2015, the defendant pleaded guilty to an indictment charging him with assault in the first degree and related counts, arising from a February 5, 2012 incident during which the victim in this case was shot by the defendant. On February 22, 2020, the People received the autopsy report for the victim from the New York City Office of the Chief Medical Examiner, which listed the manner of death as a homicide and the cause of death as complications from a gunshot wound to the chest. On April 10, 2023, the defendant was arraigned on an indictment charging him, inter alia, with murder in the second degree. The defendant moved to dismiss the indictment on the ground that he was deprived of his constitutional right to a speedy trial. In an order dated July 26, 2023, the Supreme Court granted the defendant's motion. The People appeal.
A defendant's right to a speedy trial is guaranteed both by the United States Constitution and by statute (see US Const 6th, 14th Amends; CPL 30.20[1]; Civil Rights Law § 12; People v Taranovich, 37 NY2d 442, 444). Further, an unjustified delay in prosecution deprives a defendant of the state constitutional right to due process (see NY Const, art I, § 6; People v Keating, 183 AD3d 595, 595; People v Clark, 180 AD3d 925, 926).
In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Appeals has articulated five factors to be considered: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d at 445; see People v Wiggins, 31 NY3d 1, 9; People v Keating, 183 AD3d at 595). "'[T]he factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution'" (People v Wiggins, 31 NY3d at 12, quoting People v Vernace, 96 NY2d 886, 887; see People v Decker, 13 NY3d 12, 15). No one [*2]factor is determinative, and each particular case must be considered in light of all of the factors, as they apply to it (see People v Wiggins, 31 NY3d at 10; People v Taranovich, 37 NY2d at 445).
Here, the Supreme Court appropriately balanced the requisite factors in granting the defendant's motion to dismiss the indictment. The 31-month delay between the death of the victim and the indictment was excessive (see People v Regan, 39 NY3d 459, 466; People v Metellus, 157 AD3d 821, 822). While the People's explanation that the delay was attributable to a heavy workload and a staffing shortage in the District Attorney's Office as a result of the COVID-19 pandemic "weigh[s] less heavily than would most other causes," it is "not exactly a factor in the [People's] favor" (People v Johnson, 38 NY2d 271, 279). Although the serious nature of the charges favors the People, the preparation for the prosecution of this particular crime was not complex and the People have not asserted that any delay in this case was caused by the intricacies of prosecution (see People v Regan, 39 NY3d at 470; People v Johnson, 38 NY2d at 277). Further, the lengthy period of pretrial incarceration of eight years on related charges (see People v Singer, 44 NY2d 241, 254; People v Winfrey, 20 NY2d 138, 141), as well as the presumptive prejudice to the defendant that resulted from the lengthy delay and pretrial incarceration, favor the defendant (see People v Wiggins, 31 NY3d at 17; People v Romeo, 12 NY3d 51, 58; People v Singer, 44 NY2d at 254; People v Johnson, 38 NY2d at 277). Accordingly, the court properly granted the defendant's motion to dismiss the indictment.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court